IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:20-CV-00082-M

| | | |
|---|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | **OPINION AND ORDER** |
| v. | ) ) | |
| FRANCES MORGAN MILLER, f/k/a FRANCES GALE BRITT, and KESHA BLANKS BRITT, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on "Defendant Frances Morgan Miller's (f/k/a Frances Gale Britt) Motion for Judgment on the Pleadings." [DE-14 (the "Motion").] For the reasons set forth below, the Motion is DENIED. The relief sought here—judgment against a defaulted party for failure to respond—is more appropriate under Rule 55(b).

I.     Background and Procedural History

At issue are the proceeds of a $100,000 life insurance policy issued to decedent Tilman Laverne Britt on May 18, 1998, by Plaintiff Southern Farm Bureau Life Insurance Company ("Plaintiff"). [DE-1 (the "Complaint") ¶ 7.] Plaintiff alleges that it received conflicting claims to the proceeds—one from Mr. Britt's ex-wife, Defendant Frances Morgan Miller, f/k/a Frances Gale Britt ("Defendant Miller"), and one from his most recent wife and now widow, Defendant Kesha Blanks Britt ("Defendant Britt")—and that, "[b]ecause of the circumstances surrounding the claims of interest of the Defendants to the Proceeds, Plaintiff cannot safely determine to whom the Proceeds should be paid." [Complaint ¶ 15.]

Plaintiff filed this rule interpleader action on May 4, 2020. Defendant Britt failed to appear or otherwise respond to the action, and Plaintiff moved for entry of default against her on June 17, 2020 [DE-11], which the Clerk of Court entered on July 21, 2020 [DE-12]. On July 29, 2020, Defendant Miller moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to establish her entitlement to the proceeds. [DE-14.] Plaintiff did not oppose the Motion [DE-15], and Defendant Britt has still failed to appear or otherwise respond.

II.  Analysis

A.  Default Judgment

Defendant Miller seeks judgment in her favor and entitlement to the insurance proceeds based upon Defendant Britt's failure to appear or otherwise respond. [DE-14-1 at 3 ("[Defendant Britt] failed to answer . . . or respond . . . and therefore has abandoned any challenge.").] While Defendant Miller has styled her Motion as a Rule 12(c) motion for judgment on the pleadings, the relief she seeks is more properly granted through a Rule 55(b) motion for default judgment. Under Rule 55(b) it is well settled that the "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *EAN Holdings, LLC v. Ishola*, No. CV 2:13-26841, 2015 WL 13622490, at *1 (S.D.W. Va. Aug. 4, 2015) (citations omitted); *Capitol Indem. Corp. v. Freeland Constr. Co., Inc.*, No. 3:17-CV-936-TLW, 2017 WL 10486950, at *3 (D.S.C. Oct. 4, 2017) (same); *Del Conca USA, Inc. v. Akers*, No. G.JH-16-3346, 2017 WL 3605354, at *2 (D. Md. Aug. 18, 2017) (same); *Columbus Life Ins. Co. v. Allen*, No. 3:13-CV-1612-J-39JBT, 2015 WL 12696200, at *2 (M.D. Fla. Apr. 23, 2015) ("In an interpleader action in which all but one named interpleader defendant has defaulted, the

2

remaining defendant is entitled to the res." (citations and internal quotation marks omitted));

*Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all

but one named interpleader defendant defaulted, the remaining defendant would be entitled to the

fund.").

Courts, faced with similar requests for relief under other Federal Rules, have noted that

such relief—against a defaulted party for failure to respond—is instead proper under Rule 55(b).

*See Columbus Life Ins. Co.*, 2015 WL 12696200, at *1 (holding, in interpleader action where

only one claimant had appeared and claimed an interest, that although that claimant "styled her

Motion as a Motion for Summary Judgment, it is actually a motion for default judgment."); *Am.*

*United Life Ins. Co. v. Bell*, No. 2:09-CV-907-TFM, 2010 WL 1995034, at *3 (M.D. Ala. May

18, 2010) (holding, in interpleader action, "Bell styles her motion as a Rule 12(c) Judgment on

the Pleadings, [but] what she seeks is akin to a request for default judgment under FED. R. CIV.

P. 55."); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1331 (11th Cir. 2014).

B. Judgment on the Pleadings

If this Court were to, instead, address the Motion under Rule 12(c), it cannot grant the

relief sought. In order to grant relief under Rule 12(c), the Court must find, based upon the

pleadings, that no material issue of fact remains and that Defendant Miller is entitled to judgment

as a matter of law. *See Carter v. Fid. Life Ass'n*, 339 F. Supp. 3d 551, 553 (E.D.N.C. 2018)

(citations omitted), *aff'd*, 740 F. App'x 41 (4th Cir. 2018). "When a court reviews a motion for

judgment on the pleadings," it applies the same standard of review applicable under Rule

12(b)(6), and "must construe the facts and reasonable inferences 'in the light most favorable to

the [nonmoving party].'" *Id.* at 554 (citations omitted). "[T]he factual allegations of the

complaint are taken as true, whereas those of the answer are taken as true only to the extent that

3

they have not been denied or do not conflict with those in the complaint." *Williams v. McMahon*, No. 5:16-CT-3255-BO, 2018 WL 1278191, at *2 (E.D.N.C. Mar. 12, 2018) (citation omitted).

Defendant Miller contends that she is entitled to the proceeds because she was the original beneficiary of the policy [Complaint ¶ 8], "Plaintiff can find no record that a Beneficiary Change Request signed by Tilman Laverne Britt was ever received by Plaintiff" [Complaint ¶ 12], and "the parties thoroughly have researched and are unaware of any North Carolina statute, rule, or regulation preventing an ex-spouse from receiving life insurance proceeds in the event a beneficiary change did not take place, even after a divorce" [DE-14-1 at 3]. [*See* DE-14-1 at 2-3.] Although there very well may be no "North Carolina statute, rule, or regulation preventing an ex-spouse from receiving life insurance proceeds" [DE-14-1 at 3] and Plaintiff "can find no record" that a signed beneficiary form "was ever received by Plaintiff" [Complaint ¶ 12], that is not the operative legal question and material facts remain in dispute.

Under North Carolina caselaw, whether a beneficiary change has been affected turns on whether the insured has substantially complied with the applicable change of beneficiary requirements. *See Adams v. Jefferson-Pilot Life Ins. Co.*, 148 N.C. App. 356, 360, 558 S.E.2d 504, 508 (2002) ("The resolution of this issue requires our consideration of the equitable doctrine of 'substantial compliance.'"). "[North Carolina] follows the rule that where an insurance policy provides that a change of beneficiary 'may be made in a particular way, the method prescribed should be followed; but if the insured has done substantially what is required of him, or what he is able to do, to effect a change of beneficiary, and all that remains to be done are ministerial acts, . . . the change will take effect, though the formal details are not completed before the death of the insured.'" *Provident Life & Acc. Ins. Co. v. Suarez*, 846 F.2d 73 (4th Cir. 1988) (quoting

*Wooten v. Grand United Order of Odd Fellows*, 176 N.C. 52, 96 S.E. 654, 656 (1918)); *see also Teague v. Pilot Life Ins. Co.*, 200 N.C. 450, 157 S.E. 421, 423-24 (1931). Whether the insured has substantially complied with the change of beneficiary requirements turns on many unknown facts, including the beneficiary requirements established by the life insurance policy itself, which is not attached to the Complaint, or whether such a signed beneficiary form did in fact exist and was received by Plaintiff but was lost or improperly recorded. *Cf. Adams*, 148 N.C. App. at 365, 558 S.E.2d at 509 (finding beneficiary change was effective where insured returned the required form to an agent of the insurer, but the agent failed to file the form before the insured died); *Teague*, 200 N.C. 450, 157 S.E. at 424 ("the change of beneficiary has been accomplished where [the insured] has done all that he could to comply with the provisions of the policy. . . *as where is has been lost* . . . or where . . . all that remained to be done were certain formal and ministerial acts on the part of the company . . . and these acts were either not done at all or were done after the death of the insured." (emphasis added) (citation omitted)).

Here, Defendant Britt contends, in a letter excerpted in the Complaint, that: "[Mr. Britt] had even changed the beneficiary some years back and for whatever reason, either it never was entered into the computer or there was a malfunction in the computer system." [Complaint ¶ 11.] At most, the pleadings show that "Plaintiff can find no record that a Beneficiary Change Request signed by Tilman Laverne Britt was ever received by Plaintiff" [Complaint ¶ 12], but the fact that there is "no record" of a signed beneficiary change request being "received" [Complaint ¶ 12] does not foreclose the possibility that a signed beneficiary form did indeed exist, that the insured properly submitted it, and that Plaintiff failed to properly record it or it was lost. Those circumstances, unresolved by the pleadings, might merit judgment in favor of Defendant Britt and prevent the Court from issuing judgment on the pleadings here.

5

III.    Conclusion

For the foregoing reasons the Motion [DE-14] is DENIED.  The Court will not reconstrue

this Rule 12(c) motion as a Rule 55(b) motion.  To the extent Defendant Miller continues to seek

the same relief, she is DIRECTED to file a motion pursuant to Rule 55(b) within fourteen (14)

days of the date of the entry of this order.

SO ORDERED, this the ___26th___ day of August, 2020.


_____

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

6