IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:20-CV-00082-M

SOUTHERN FARM BUREAU LIFE )
INSURANCE COMPANY, )
 )
    Plaintiff, )
 )
    v. ) ORDER
 )
FRANCES MORGAN MILLER, f/k/a )
FRANCES GALE BRITT, and )
KESHA BLANKS BRITT, )
 )
    Defendants. )

This matter is before the Court on Defendant Frances Morgan Miller's (f/k/a Frances Gale Britt) ("Defendant Miller") Motion for Default Judgment. [DE-19 (the "Motion").] For the reasons set forth below, the Motion is granted.

I.    Background and Procedural History

As stated in the Court's previous opinion [DE-18], this case involves a dispute to the proceeds of a one hundred thousand (100,000.00) dollar life insurance policy, policy number 01 2790576, issued to decedent Tilman Laverne Britt on May 18, 1998, by Plaintiff Southern Farm Bureau Life Insurance Company ("Plaintiff") [DE-1 (the "Complaint") ¶ 7]. Defendant Kesha Blanks Britt ("Defendant Britt") and Defendant Miller made competing claims to the insurance proceeds [Complaint ¶¶ 8-12], and Plaintiff filed this rule interpleader action on May 4, 2020, seeking a judgment resolving Defendants' conflicting claims.

On May 26, 2020, Plaintiff filed proof of service on Defendant Britt [DE-9], but Defendant Britt failed to appear or otherwise respond to the action. On June 17, 2020, Plaintiff

moved for entry of default against Defendant Britt [DE-11], which the Clerk of Court entered on July 21, 2020 [DE-12]. On July 29, 2020, Defendant Miller moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to establish her entitlement to the proceeds [DE-14], which the Court denied as improper [DE-18]. The Court found that the relief Defendant Miller sought—entitlement to the insurance proceeds based upon Defendant Britt's failure to appear or otherwise respond—"is more properly granted through a Rule 55(b) motion for default judgment" and declined to "reconstrue th[e] Rule 12(c) motion as a Rule 55(b) motion." [DE-18.] On August 26, 2020, Defendant Miller filed the instant Motion, for default judgment pursuant to Rule 55(b). Plaintiff does not oppose the Motion [DE-21], and Defendant Britt has still failed to appear or otherwise respond.

II. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered by the Clerk, a party may move the court to enter a default judgment against the defaulted party pursuant to Rule 55(b)(2). As the Court previously stated, if a named interpleader defendant fails to answer or otherwise respond to the interpleader complaint and is in default, that defendant forfeits any claim of entitlement that might have been asserted and default judgment is appropriate. [DE-18]; *EAN Holdings, LLC v. Ishola*, No. CV 2:13-26841, 2015 WL 13622490, at *1 (S.D.W. Va. Aug. 4, 2015) (granting default judgment and stating "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." (citations omitted)); *Capitol Indem. Corp. v. Freeland Constr. Co., Inc.*, No. 3:17-CV-936-TLW, 2017 WL 10486950, at *3 (D.S.C. Oct. 4,

2

2017) (same); *Del Conca USA, Inc. v. Akers*, No. G.JH-16-3346, 2017 WL 3605354, at *2 (D. Md. Aug. 18, 2017) (same); *Columbus Life Ins. Co. v. Allen*, No. 3:13-CV-1612-J-39JBT, 2015 WL 12696200, at *2 (M.D. Fla. Apr. 23, 2015) ("In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res." (citations and internal quotation marks omitted)); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund"). Here, proof of service on Defendant Britt was filed by Plaintiff on May 26, 2020 [DE-9]; the Clerk entered default on July 21, 2020 [DE-12]; and Defendant Britt has still failed to appear or otherwise respond. Accordingly, Defendant Britt has forfeited any claim to the insurance proceeds, default judgment is appropriate, and Defendant Miller is entitled to the proceeds.

The parties also seek injunctive relief prohibiting Defendants from initiating or prosecuting any future legal actions in state or federal court involving entitlement to the insurance proceeds at issue. [DE-19; DE-21 at 2.] Although statutory interpleader explicitly authorizes federal courts to grant such relief, see 28 U.S.C. § 2361 ("In any civil action of interpleader . . . under section 1335 . . . a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court"), statutory interpleader also requires minimal diversity between claimants, see *Bankers Life and Cas. Co. v. Burdette*, No. 7:20-cv-44-M, 2020 WL 5351597, at *2 (E.D.N.C. Sept. 4, 2020) (citations omitted). Here, the jurisdictional requirements for statutory interpleader are not met because both Defendants are residents of Robeson County, North Carolina. [Complaint ¶¶ 4-5]; *see Selective Ins. Co. of Am. v. Norris*, 209 F. Supp. 2d 580, 582 (E.D.N.C. 2002) ("the claimants do not have the requisite diversity to support jurisdiction under

3

the statutory interpleader rules" where "all the listed defendants claiming an interest in the [] funds are residents of North Carolina"). Neither Plaintiff nor Defendant Miller has identified the basis for similar injunctive relief in a rule interpleader action or why such relief would be appropriate here. The Court declines to grant broad injunctive relief—over state and federal courts—without adequate briefing supported by legal authority.

III. Conclusion

For the foregoing reason, the Motion [DE-19] is GRANTED. Defendant Britt has forfeited her claim, and Defendant Miller is entitled to the entirety of the proceeds of the one hundred thousand (100,000.00) dollar life insurance policy at issue, policy number 01 2790576.

If Plaintiff or Defendant Miller seeks additional relief, including permanent injunctive relief, they are DIRECTED to file supplemental briefing, including relevant, supporting legal authority, within fourteen (14) days of the date of the entry of this order. Otherwise, the Clerk is DIRECTED to close the case without further order from the Court.

SO ORDERED, this the 22d day of September, 2020.

_____
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE